**GERBIG, Plaintiff-Appellee, v NUMRICH, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6832. Decided October 13th, 1947.

564

Cowell & Fletcher and Richard B. Baker, for plaintiff-appellee.

Donald E. Calhoun, Cincinnati, for defendant-appellant.

## OPINION

By ROSS, J.

This is an appeal upon questions of law from a judgment of the Common Pleas Court of Hamilton County in favor of the Plaintiff, who filed an action against the defendant, claiming compensatory and punitive damages for fraud and misrepresentations on the part of the defendant in a sale to her of a used automobile.

From an examination of the petition and evidence of plaintiff, it is apparent that the theory of recovery is predicated upon the case of **Saberton v Greenwald, 146 Oh St 414,** in which by a four-three decision this Court was reversed. The Supreme Court held in paragraphs 1 and 2 of the syllabus:

"**Sec. 8453 GC,** permits and §8449 GC, does not forbid an action ex delicto against the seller where a sale of merchandise has been induced by fraud or misrepresentation.

"In an action to recover damages for a tort which involves the ingredients of fraud, malice or insult, a jury may go beyond the rule of mere compensation to the party aggrieved and award exemplary or punitive damages."

Judicial subordination requires this Court (regardless of its continued adherence to the rule maintained in that case) to follow the law pronounced in the Saberton case. The salutary provisions of the Sales Act, so generally accepted throughout the Nation, must be ignored and the action considered as a simple tort action for fraud and misrepresentation.

Such being the case, however, the rules and principles applying to such an action must be followed. The facts in the instant case and those in the Saberton case are widely different.

The plaintiff in the instant action was shown a used automobile, brought to her by a friend, Albert Poole, in June, 1945. It was driven by an employee of the defendant. It was examined before purchase by Poole, the plaintiff, and a mechanic by the name of Murphy, from whom plaintiff borrowed $100.00 to pay upon the purchase price of the car. The plaintiff and Murphy drove the car before purchase. Poole called the plaintiff's attention to a noisy gear.

The defendant told plaintiff the car had been in a fire, but "it had all the parts in it," and "he would fix anything when I brought it back" that it was in "good condition" and would be warranted under "government warranty."

The car was a Hudson Coupe, 1939 Model, and was, therefore, at least six years old at the time it was purchased by plaintiff.

The warranty referred to provides:

"The used car described below is hereby warranted to be in good operating condition, and to remain in such condition under normal use and service for a period of 30 days after delivery, or 1000 miles, whichever may first occur.

"We agree, if said vehicle is delivered during the above period to our place of business, to make with reasonable promptness any repairs or replacements which may be necessary to its good operating condition in accordance with normal use and service, at a cost to the purchaser named below of not more than 50% of the normal charge for such repairs and replacements. Our normal charge is not in excess of OPA ceilings.

"This warranty does not extend to tires, tubes, paint, glass, upholstery, or to any repairs or replacements made necessary by misuse, negligence, or accident."

The plaintiff complains that the engine over-heated, that the window-wiper and radio would not operate, that the oil leaked, but that "he finally fixed it." The plaintiff drove the car until September, 1945, when it was then found to have a cracked engine block.

The plaintiff drove the car into a pole, damaging one of

the lights and thereafter was refused a certificate by the operators of the City "Safety Lane" because of defective lights.

The car in August, 1945 stalled, and when pushed by another car, the transmission, which had become locked, was damaged. The plaintiff took the car to the defendant who replaced the damaged part of the transmission and the plaintiff paid the defendant for such repairs.

There is no evidence that the engine block was cracked at the time the car was sold to plaintiff. The plaintiff tendered the car to defendant, who refused to accept it, and it was left in the garage where the defect in the engine block was discovered.

The verdict was for $675.00. The court charged the jury:

"And if you should find that there were misrepresentations made by the defendant, and they were maliciously made, then you may include in the amount of damages which you find for the plaintiff a reasonable amount for attorney's fees, and by way of punishment or detriment from others making like misrepresentations. Of course, that is all founded upon the question that you find that misrepresentations and fraud was committed by the defendant."

Whether this verdict included attorney's fees and punitive damages is a matter of conjecture.

The net result of the trial is that the plaintiff has the automobile and $675.00 if she is paid the amount of the verdict.

The evidence shows that the plaintiff did not rely entirely upon any statement or representation of the defendant, but rather upon the opinions of her two friends, as well as her own inspection; that the several defects appearing in the car were corrected by the defendant, upon request; that it was because of damages caused by plaintiff's operation of the car that it was refused certificate in the "Safety Lane"; that the serious damage to the car was caused when it was pushed while the transmission was locked.

There is no evidence showing when or how the engine block was cracked.

It appears, therefore, that the plaintiff purchased an automobile which she knew was six years old and had been in a fire, that after driving it from June until August, she paid the defendant $65.00 to have the transmission repaired. Certainly, by that time she should have known whether the de-

fendant was guilty of fraud and misrepresentation. When she paid the defendant, she evidently considered the damage her own responsibility.

The evidence, in this case, wholly fails to sustain the claims of fraud and misrepresentation, or that the car when delivered to the plaintiff was in any other condition than would be expected to exist in a used automobile six years old and one that had been in a fire.

The judgment of the Common Pleas Court is reversed, and judgment here entered for the defendant.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.